IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNESTINE COTINOLA,

Plaintiff,

vs.

No. 1:25-cv-00558-PJK-GJF

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,

Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiff's Motion to Substitute Party filed July 31, 2026 (ECF No. 43). The court heard oral argument on pending motions on August 19, 2026 and finds that the motion is not well taken and should be denied.

**Background**

In this diversity case removed to federal court, Plaintiff alleged that her residential property was damaged by rain, wind, and/or hail caused by a May 31, 2021 storm that produced hail ranging from 0.75 to 1.25 inches. Plaintiff's Original Complaint and Motion to Compel Appraisal, ¶¶ 1, 6 (ECF No. 1-1) (hereinafter, the "Complaint"). She claimed that the May 31, 2021 storm, not a prior April 16, 2019 storm, resulted in hail damage to the roof, wrought iron table, window screen, rain caps, front gate, garage door, pipe stacks, and satellite dish. Compl. ¶ 13.

Plaintiff sought recovery under her House and Home Renewal Policy issued by Defendant Allstate. See ECF 1-1 at 10 (Policy). Allstate denied the claim, contending that the damage was pre-existing and identified in a March 10, 2021 inspection pertaining to the prior April 16, 2019 storm loss. See Compl. ¶¶ 6–19. Allstate paid $10,708.89 on the April 16, 2019 loss. Allstate's Notice Regarding Prior Claim filed Aug. 20, 2026 (ECF No. 52).

Plaintiff sought recovery based on the insurance contract and under the New Mexico Unfair Insurance Claim Practices Act, New Mexico Unfair Practices Act, and for "Breach of [the] Duty of Good Faith and Fair Dealing/Bad Faith[,]" including actual damages, policy benefits, pre-judgment interest, post-judgment interest, court costs, attorneys' fee, statutory interest, and treble damages. Compl. ¶¶ 26–46, 48.

The expert report deadline for the Plaintiff was January 12, 2026, with a discovery deadline of May 15, 2026, and a non-discovery motion deadline of June 22, 2026. Scheduling Order filed Aug. 20, 2025 (ECF No. 14). During this time, the parties engaged in settlement negotiations, providing periodic status reports to the magistrate judge. On April 20, 2026, the parties filed a Joint Status Report notifying the court that Plaintiff had passed and that her daughter, Briana Cotinola, was administering the estate. Joint Status Report filed Apr. 20, 2026 (ECF No. 31). The parties advised that they anticipated concluding settlement negotiations upon completion of estate administration. Id. On June 22, 2026, Allstate moved for summary judgment. ECF No. 34. On the same day, counsel for Plaintiff reported that he was "continuing his efforts to substitute Plaintiff's heirs as the real party in interest in this matter." Joint Status Report filed June

22, 2026 (ECF No. 33).

**Discussion**

Federal Rule of Civil Procedure 25 regarding substitution of parties provides in pertinent part:

> **(a) Death.**
> (1) ***Substitution if the Claim Is Not Extinguished.*** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Plaintiff's counsel seeks to substitute the transferee of the residential property for the Plaintiff. Prior to her death, Plaintiff executed a Revocable Transfer on Death (TOD) deed (on June 15, 2018) transferring the property to her granddaughter, Breanna Cotinola. ECF No. 43 at 4–6. According to counsel, on June 5, 2026, Breanna was confirmed as the proper successor to the property. Id. at 2. The TOD deed is included in the instant motion.

For its part, Allstate opposes the substitution. Allstate points out that the TOD deed was created prior to the May 2021 storm and did not transfer any contractual or extra-contractual claims, nor did Plaintiff's counsel include any other document conveying such an interest. Defendant Allstate's Response filed Aug. 13, 2026, at 1–2 (ECF No. 47). Allstate maintains that to the extent the claims survive Plaintiff's death, the claims pass to her estate, specifically to a Personal Representative. Id. at 2.

Allstate has the better argument. New Mexico's Uniform Real Property Transfer on Death Act (the "Act") provides that "[a]n individual may transfer property to one or

more beneficiaries effective at the transferor's death by a transfer on death deed." N.M. Stat. Ann. § 45-6-405. The Act defines a "beneficiary" as "a person that receives property under a transfer on death deed." Id. § 45-6-402(A). "Property" is defined as "an interest in real property located in New Mexico that is transferable on the death of the owner." Id. § 45-6-402(F). It is the "interest in the property" that is transferred to a designated beneficiary, assuming that the property was owned by the transferor at death and the designated beneficiary survives the transferor. Id. § 45-6-413(A)(1).

At oral argument, Plaintiff's counsel argued that just as a TOD "beneficiary takes the property subject to all recorded conveyances, encumbrances, assignments, contracts, mortgages, liens and other recorded interests to which the property is subject at the transferor's death," id. § 45-6-413(B), a TOD deed beneficiary should succeed to claims which benefit the property. The court finds no support for that theory, and it would expand the Act beyond its stated intent: the transfer of real property.

Although Plaintiff's primary counsel quoted Fed. R. Civ. P. 25(a) in the motion, absent was any reference to the requirement that the court must dismiss the action by the decedent if the motion to substitute is made within 90 days after service of a statement noting the death. On April 20, 2026, the parties filed a Joint Status Report notifying the court of Plaintiff Ernestine Cotinola's passing. ECF No. 31. Counsel's July 31, 2026 motion to substitute came 102 days thereafter.

Be that as it may, the Tenth Circuit has insisted that a **formal** suggestion of death be made on the record even if the parties have knowledge of the death of the party. Grandbouche v. Lovell, 913 F.2d 835, 836 (10th Cir. 1990) (per curiam). "Mere

reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period[.]" Id. Moreover, while service of the suggestion of death on counsel for the parties involved in the litigation will suffice for parties, service on "nonparties, specifically the successors or representatives of the deceased party's estate" must be pursuant to Rule 4 of the Federal Rules of Civil Procedure. Id. at 837. The Grandbouche panel quoted approvingly from Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985), which explains that "[b]ecause the attorney is neither a party, nor a legal successor or representative of the estate, he has no authority to move for substitution under Rule 25(a)(1)."

Having determined that the TOD beneficiary is not the proper party to substitute for the deceased Plaintiff, the court will require service of a suggestion of death on the remaining party (Allstate) and any known nonparties, specifically the successors or representatives of the Plaintiff's estate within 30 days.

NOW, THEREFORE, IT IS ORDERED that

(1) Plaintiff's Motion to Substitute Party filed July 31, 2026 (ECF No. 43) is denied, and

(2) Plaintiff's counsel shall serve a Suggestion of Death consistent with this Memorandum Opinion and Order.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Emma Roddy, Sloan, Hatcher, Perry, Runge, Robertson & Smith, Santa Fe, New Mexico,

via limited appearance (M. Mitchell Moss & Andrew J. Armijo, Moss Legal Group, PLLC, El Paso Texas, on the brief), for Plaintiff.

John F. Stiff, Jr. Albuquerque, New Mexico for Defendant.